UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JESSICA M.,
    Plaintiff,

v.                                    C.A. No. 17-464JJM

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,
    Defendant.

## MEMORANDUM AND ORDER

Patricia A. Sullivan, United States Magistrate Judge.

After this Court adopted a Report and Recommendation finding that the decision of the Administrative Law Judge ("ALJ") was not based on substantial evidence and issued judgment in her favor,[1] Plaintiff Jessica M. moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). ECF No. 20. She seeks a total of $13,362.82, including 56.2 hours on the opening brief, reply and EAJA application, as well as 11.4 hours of work on the reply to the Commissioner's EAJA opposition. The Commissioner objects to the motion, claiming that she was "substantially justified" in defending the case. Alternatively, the Commissioner urges the Court to reduce the fee requested because the hours sought are not reasonable, both overall and because some of the time is clerical work that should be compensated at a paralegal rate. The hourly rate requested is not in issue. The motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A).

EAJA provides that "the government shall pay the attorneys' fees of parties that prevail against it in civil litigation, if the court finds that the government's position was not

---

[1] The Report and Recommendation ("R+R") issued on November 7, 2018. ECF No. 18. No objections were filed. The R+R was adopted and judgment entered on November 23, 2018. Text Order of Nov. 23, 2018.

'substantially justified.'" McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1472 (1st Cir. 1989). EAJA fits into the statutory scheme created by Congress governing the compensation of attorneys who represent Social Security claimants. Culbertson v. Berryhill, 139 S. Ct. 517, 2019 WL 122163, at *4 (Jan. 8, 2019) (EAJA fees awarded based on District Court's remand; fees also awarded under 42 U.S.C. § 406(a) for work before agency and under § 406(b) based on percentage of ultimate benefit award). The definition of "substantially justified" has been best summarized by the First Circuit as follows:

> An action is "substantially justified" if "it has a reasonable basis in law and fact." The government's conduct must be "justified to a degree that could satisfy a reasonable person." The government need only have a "reasonable basis both in law and in fact for its position."

Aronov v. Napolitano, 562 F.3d 84, 94 (1st Cir. 2009) (citations omitted). To avoid an EAJA fee when the claimant is the prevailing party, the Commissioner bears the burden of establishing substantial justification. McDonald, 884 F.2d at 1475 (citing United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985)). That the court's determination was a "close call" or that judicial minds could differ over the correct outcome is not enough to sustain the government's burden, although these certainly should be considered in evaluating the government's argument that its actions were substantially justified. See Diggett v. Berryhill, 292 F. Supp. 3d 581, 583-84 (D.R.I. 2017) (fact that case is "close call" or that magistrate judge recommended that Commissioner be affirmed does not sustain Commissioner's burden); Bouvier v. Colvin, 938 F. Supp. 2d 260, 262-63 (D.R.I. 2013) (citing McDonald, 884 F.2d at 1477) ("Even when the underlying case was deemed a 'close' call, courts have found no substantial justification and awarded attorney's fees."). However, neither of these issues are in play in this case.

A government agency can be substantially justified even if a court ultimately determines the agency's reading of the law was not correct. Pierce v. Underwood, 487 U.S. 552, 566 n.2

(1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially . . . justified if a reasonable person could think it correct . . . ."). That is, if the government's position in denying the claimant's application, and in seeking to sustain the denial in court, is "at least reasonable," its position is substantially justified, even though the applicant's interpretation of the underlying law ultimately prevails. Aronov, 562 F.3d at 94. Both the government's litigating position and the underlying agency action must have a "reasonable basis in law and fact" and be "justified to a degree that could satisfy a reasonable person." Sinclair v. Berryhill, 284 F. Supp. 3d 111, 114 (D. Mass. 2018). This Court is required to make an independent judgment as to whether an award is warranted. The answer is not "wedded to the underlying judgment on the merits," Fed. Election Comm'n v. Rose, 806 F.2d 1081, 1087 (D.C. Cir. 1986), "[t]hough both roads may in a given instance lead to Rome, that will not always be the case." Sierra Club v. Sec'y of the Army, 820 F.2d 513, 517 (1st Cir. 1987).

Mindful of this decisional framework, the Court has reexamined the agency's action, as well as the agency and litigation records in the case. As the Court found in deciding the merits of Plaintiff's appeal of the ALJ's decision, Plaintiff's claim was based on a complex medical condition that compelled her to sleep most of the day, but was pushed through a truncated administrative process that left the ALJ with no SSA expert analysis of it. R+R at 2-4. Despite this deficit, the ALJ chose to ignore the treating physician who provided an examining opinion based on his review of testing from the relevant period and the treating therapist who recorded objective findings over the course of an extended treating relationship. R+R at 4-5, 12-13. Relying on his own unsupported "commonsense" finding that Plaintiff's inability to stay awake was her "choice," and not an unwanted symptom of a documented medical condition, he denied the claim. R+R at 13 (citing Tr. 22). The Court also found unviable the reason for the ALJ's

3

disregard for the statement of Plaintiff's ex-husband. R+R at 13-14. Nor does the Commissioner's marshaling of the law fare well under close scrutiny in light of the record here. By way of just one example, the Commissioner relied on <u>Gordils v. Secretary of Health and Human Services</u>, 921 F.2d 327, 329 (1st Cir. 1990), for the proposition that an ALJ can assign a sedentary RFC based on nothing more than commonsense. ECF No. 21 at 4. That is a material oversimplification of what <u>Gordils</u> actually holds:

> [W]e reiterate – that since bare medical findings are unintelligible to a lay person in terms of residual functional capacity, <u>the ALJ is not qualified to assess residual functional capacity based on a bare medical record</u>. This principle does not mean, however, that the Secretary is precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as the Secretary does not overstep the bounds of a lay person's competence and render a medical judgment.

<u>Gordils</u>, 921 F.2d at 329 (citations omitted) (emphasis supplied). The government's marshaling of <u>Gordils</u> as substantial justification of what happened here – an ALJ assessing an RFC based on a bare medical record – itself fails to clear the bar of substantial justification.

Based on this analysis, the Court finds that the Commissioner has failed to meet her burden of proving that either the government's litigating position or the underlying agency action were "justified to a degree that could satisfy a reasonable person." <u>Sinclair</u>, 284 F. Supp. 3d at 114. Accordingly, the Court will award EAJA fees to Plaintiff.

The Commissioner's challenge to the reasonableness of the hours that Plaintiff's attorney requests is a different matter. In her motion, Plaintiff seeks $13,362.82, for a total of 67.6 hours of work. The Commissioner correctly notes that a small portion of those hours are more properly classified as administrative tasks and should be compensated at the paralegal rate of $90

per hour.[2]  The Commissioner's argument that Plaintiff's counsel exceeded an "average"[3] is more troubling.  As Plaintiff correctly notes, "[t]he relevant question . . . is not what is required in *most* social security cases, but what did *this* case require."  See August v. Astrue, C.A. No. 10-386JJM, ECF No. 16 at 7 (D.R.I. Mar. 21, 2012).  That said, the standard that the Court must apply is what is "reasonable" – a claimant's counsel may not be reimbursed for a number of hours that is significantly above the norm.

The Court is mindful that here, the government's approach to the case significantly reduced the time required to be invested by Plaintiff, in that it did not object to the R+R.  Further, the chart Plaintiff appended to her Reply suggests that the number of hours expended on this case is an outlier for cases with no oral argument and no objection to the report and recommendation, while the Court's own work on this case leads it seriously to question whether almost sixty-eight hours is too much.  Accordingly, the Court reduces the total to sixty hours,[4] which is still more than what Plaintiff's counsel himself expended on three of the five cases he listed that required full briefing.  ECF No. 22-1.  Based on the foregoing, the Court therefore GRANTS Plaintiff's Motion for Attorney's Fees and awards an EAJA fee of $12,076.37.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 31, 2019

---

[2] The Commissioner challenges time entries totaling 1.8 hours as constituting clerical work.  The Court finds that some of these are clearly attorney time (e.g., "[d]rafted and filed complaint," "receipt and review of administrative record," "[r]eceipt and review of Report and Recommendation").  Nevertheless, the Court finds that .8 hours of the work was clerical and should be reduced to the $90 per hour rate.  This finding is based on the entries for 1/10, 3/14, 3/26, 3/27, 7/3, 7/9, 8/10, and 11/23, all in 2018.  Based on this finding, the overall award has been reduced by $90.30.

[3] The Commissioner cites authority standing for the proposition that twenty to forty hours is a recognized norm.  Dine v. Colvin, No. 15-CV-10140-ADB, 2016 WL 7256762, at *2 (D. Mass. Dec. 15, 2016).  No such standard has been judicially adopted in this District.

[4] The 7.6 hour reduction is at the 2018 rate, which is when most of the work was performed.